UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLINT ROUBIDEAUX,<br><br>Defendant. | 3:18-CR-30003-RAL<br><br>OPINION AND ORDER AFFIRMING MISDEMEANOR SENTENCE AND DISMISSING APPEAL |

Appellant Clint Roubideaux (Roubideaux) appeals from part of his criminal contempt probation sentence. Roubideaux contends that the community service requirement included as a special condition in the sentence is "plainly unreasonable." Doc. 1-1 at 4; Doc. 3 at 2. For the reasons articulated below, this Court affirms Roubideaux's sentence and dismisses the appeal.

I. **Background**

On February 8, 2017, this Court issued Roubideaux a subpoena requiring him to appear before a grand jury on February 14, 2017. Doc. 32 in File No. 3:17-cr-30013-MAM-1. Rosebud Sioux Tribe Law Enforcement Services Special Agent Mark Kettell served Roubideaux the subpoena on February 9. Id. Roubideaux failed to appear before the grand jury on February 14 and subsequently was charged with one count of criminal contempt. Id. Pursuant to a written plea agreement, Roubideaux pled guilty to misdemeanor criminal contempt on January 3, 2018. Doc. 1-1. The plea agreement included the following paragraph:

> **M. WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties

1

> agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

Doc. 30 at ¶ M. in File No. 3:17-cr-30013-MAM-1.

Magistrate Judge Mark A. Moreno sentenced Roubideaux to one year of probation subject to both standard and special conditions on January 3, 2018. Doc. 1-1. Special Condition 1 of the sentence requires that Roubideaux "complete 100 hours of community service work, as directed by the probation office, to be completed by the end of the probationary period." Doc. 1-1 at 4. Roubideaux filed a timely appeal of the sentence on January 12, 2018. Doc. 1. His sole contention on appeal is that Special Condition 1 of the sentence is "plainly unreasonable." Doc. 3 at 2 (quoting 18 U.S.C. § 3742(f)(2)).

## II. Enforceability of Waiver of Appeal

### A. Standard of Review

On appeal, a federal district court reviews "an otherwise final sentence imposed by a United States magistrate judge . . . as though the appeal were to a court of appeals from a sentence imposed by a district court." 18 U.S.C. § 3742(h). When the appealed sentence involves a plea agreement containing a waiver of the right to appeal, the reviewing court must determine whether the defendant knowingly and voluntarily waived the right to appeal, as well as whether "the appeal falls within the scope of the waiver." United States v. Andis, 333 F.3d 886, 889–90 (8th Cir. 2003). "Whether a valid waiver of rights occurred is a question of law" reviewed de novo. United States v. Young, 223 F.3d 905, 909 (8th Cir. 2000). Even if the waiver is valid, the reviewing court "will not enforce [it] where to do so would result in a miscarriage of justice." Andis, 333 F.3d at 890. Thus, this Court must determine whether Roubideaux knowingly and voluntarily

2

entered his plea agreement and waived his right to appeal, whether the appeal falls within the scope of the waiver, and whether enforcing the waiver "would result in a miscarriage of justice." Id.

**B. Enforceability of Waiver**

This Court finds that Roubideaux's plea agreement and waiver are valid and enforceable. Roubideaux's "appellate brief does not address the appeal waiver contained in [his] plea agreement, so there is no contention that the waiver is unenforceable. To the contrary, a review of the record compels the conclusion that [his] appeal waiver" is enforceable. United States v. Cervantes, 420 F.3d 792, 794 (8th Cir. 2005). At the simultaneous plea and sentencing hearing, Roubideaux stated that he understood exactly which rights he waived by accepting the plea agreement. Doc. 43 at 13–14 in File No. 3:17-cr-30013-MAM-1. The record indicates Roubideaux was competent at the time of that hearing, id. at 3–5, and voluntarily and knowingly pleaded guilty under the terms of the plea agreement, id. at 5–18. Indeed, during the change of plea colloquy, Judge Moreno expressly asked Roubideaux about Paragraph M, and Roubideaux acknowledged knowing that he was giving up "valuable defenses and appeal rights" thereunder. Id. at 13–14.

**C. Applicability of Waiver**

Roubideaux's appeal falls within the scope of the waiver, which bars Roubideaux from raising all but three possible kinds of appeals. Doc. 30 at ¶ M. in File No. 3:17-cr-30013-MAM-1. Those appeals not barred by the waiver are: 1) appeals challenging jurisdiction; 2) appeals challenging upward departures from the sentencing guidelines; and 3) appeals challenging the substantive reasonableness of the sentence's length under certain circumstances. Id. The appeal raises no jurisdictional deficiencies. Nor could Roubideaux appeal an upward departure from the sentencing guidelines, since Roubideaux pleaded guilty to a Class B misdemeanor to which the

sentencing guidelines do not apply. 18 U.S.C. §§ 402, 3559(a)(7); U.S. Sentencing Guidelines Manual § 1B1.9 (U.S. Sentencing Comm'n 2018). The only other kind of appeal not already waived by Roubideaux is an appeal challenging the reasonableness of the sentence's length. Roubideaux's appeal of the reasonableness of one of the conditions of his probation sentence is distinct from a challenge to the "substantive reasonableness" of the length of his one-year probation sentence, though. Doc. 30 at ¶ M., File No. 3:17-cr-30013-MAM-1. Thus, Roubideaux waived his right to appeal this Special Condition 1 by accepting his plea agreement.

**D. Propriety of Special Condition 1**

Since Roubideaux's plea agreement is enforceable and his appeal falls within its scope, this Court must dismiss his appeal unless doing so would result in a miscarriage of justice. Andis, 333 F.3d at 890. The "Special Conditions of Supervision" in Roubideaux's plea agreement, Doc. 1-1, were not mandated by statute but included at the magistrate judge's discretion. Such conditions must entail "only such deprivations of liberty or property as are reasonably necessary." 18 U.S.C. § 3563(b). Naturally, enforcing a plainly unreasonable sentence riddled with excessive and unreasonable special conditions would amount to a miscarriage of justice. Roubideaux's waiver ought not to prohibit him from appealing a plainly unreasonable discretionary condition for a crime like contempt which lacks sentencing guidelines.[1]

However, Special Condition 1 was not plainly unreasonable. "A sentencing judge is afforded wide discretion when imposing terms of supervised release. . . ." United States v. Crume, 422 F.3d 728, 732 (8th Cir. 2005). One hundred hours of community service over the course of

---

[1] The Eighth Circuit has previously ruled that imposing probation conditions required by statute does not result in a miscarriage of justice unless the statute requiring such conditions is unconstitutional. Cervantes, 420 F.3d at 795. Cervantes is not controlling here because the community service requirement at issue is a discretionary condition imposed by the magistrate judge.

4

the one-year probation sentence amounts to slightly less than two hours on average of community service per week. The sentencing guideline manual contains an application note stating that "[c]ommunity service generally should not be imposed in excess of 400 hours." U.S. Sentencing Guidelines Manual § 5F1.3 (U.S. Sentencing Comm'n 2018). If Roubideaux's sentence contained a special condition requiring more than 400 hours community service (which would require on average approximately eight hours of community service per week), Roubideaux would have a much better argument that the sentence was plainly unreasonable, but two hours of community service per week is within reason. Nothing in Roubideaux's history or background suggests an incapability of doing such community service. Thus, no miscarriage of justice will result from upholding the waiver in the plea agreement, so this Court must dismiss his appeal.

### III.    Other Grounds to Affirm

Furthermore, Roubideaux did not raise any objection to Special Condition 1 before the imposition of his sentence even though he had notice before the hearing that this was the lone special condition recommended by the Probation Office. Doc. 37 in File No. 3:17-cr-30013-MAM-1. This Court has adopted the practice of having the presentence investigation report writer file recommended conditions for probation or supervised release in advance of the sentencing hearing to allow the defendant and defense counsel to review and object to such conditions. Judge Moreno imposed the recommended condition filed in advance of the sentencing hearing. Id.; Doc. 43 at 28–29 in File No. 3:17-cr-30013-MAM-1. Before pronouncing sentence, Judge Moreno let Roubideaux and defense counsel know that community service would be a condition of probation as part of explaining his sentencing decision. Doc. 43 at 28 in File No. 3:17-cr-30013-MAM-1. Counsel expressed no objection before that sentence was imposed, id. at 29, or after its imposition, id. at 30–36. This Court "review[s] the terms" the magistrate judge imposed "on supervised release

for plain error when the defendant fails to raise an objection to those terms." United States v. Crose, 284 F.3d 911, 912 (8th Cir. 2002) (per curiam). Roubideaux does not raise any error of law or fact in his appeal, let alone an error great enough to constitute "plain error." Indeed, even if there were no waiver of the right to appeal from this sentence, or if the waiver were for some reason still unenforceable, and even if Roubideaux had objected during the sentencing, this Court would affirm the magistrate judge's sentence on the merits because Special Condition 1 was neither contrary to law nor an abuse of discretion.

IV. **Conclusion**

For the reasons stated above, it is hereby

ORDERED that Roubideaux's sentence is affirmed and his appeal is dismissed.

DATED this 27th day of June, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE